```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
                                            :      ECF CASE
COUNTRY ROCK CAFÉ, INC.,                    :
                                                   05 Civ. 8924 (WCC)
                    Plaintiff,              :

        - against -                         :      OPINION
                                                   AND ORDER
TRUCK INSURANCE EXCHANGE and FARMERS        :
INSURANCE GROUP,
                                            :
                    Defendants.
                                            :
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                EDWARD H. ODESSER, LLC
                **Attorneys for Plaintiff**
                81 Main Street
                White Plains, New York 10601

GARY J. LANGER, ESQ.
EDWARD H. ODESSER, ESQ.

    Of Counsel


                LUSTIG & BROWN, LLP
                **Attorneys for Defendants**
                28 West 44th Street, 20th Floor
                New York, New York  10036

SHERRI N. PAVLOFF, ESQ.

    Of Counsel

**CONNER, Senior D.J.:**

Plaintiff Country Rock Café, Inc. brings this action seeking relief for breach of contract and requesting a declaratory judgment and injunctive relief against defendants Truck Insurance Exchange ("TIE") and Farmers Insurance Group ("Farmers") (collectively, "defendants"), based on an insurance policy issued by defendants to plaintiff. Plaintiff commenced this action on October 20, 2005, seeking to collect under that insurance policy after a fire damaged plaintiff's property. This matter is before this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Defendants now seek to dismiss the action on the grounds that: (1) Farmers was improperly named as a party; (2) there is no subject matter jurisdiction as diversity does not exist between plaintiff and TIE; (3) the second cause of action for equitable and injunctive relief is invalid; and (4) plaintiff cannot prove punitive, exemplary or special damages. For the reasons stated herein, defendants' motion is granted.

## BACKGROUND

In March 2004, the parties entered into an insurance agreement (the "policy") under which plaintiff would make premium payments to defendants in exchange for commercial general liability insurance coverage. (Complt. ¶ 13.) The policy provided an aggregate limit of $1 million coverage for business and property loss from fire until the policy's expiration March 12, 2005. (*Id.* ¶¶ 14, 15.) On January 6, 2005, there was a fire at Country Rock Café, prompting plaintiff to file an insurance claim requesting coverage in excess of $160,000.00. (*Id.* ¶¶ 16, 17.) Defendants, on February 28, 2005, rejected the claim, stating that the policy was not in effect after December 17, 2004. (*Id.* ¶ 18.)

Plaintiff claims that Christopher O'Brien, an agent of Farmers, requested that plaintiff send its premium payments to O'Brien's office, and that plaintiff subsequently made timely payments. (*Id.* ¶¶ 19, 20; Defs. Mem. Supp. Mot. Dismiss, Ex. A.) Plaintiff asserts that it is standard practice to furnish payments to an agent of the insurance carrier, and that this was the pattern of practice between the parties. (Complt. ¶¶ 21, 22.) According to plaintiff, defendants also debited plaintiff's account for "reinstatement charges from September 27 to December 11, 2004." (*Id.* ¶ 23.) The total amount debited was $703.76, in addition to which premium charges from December 12, 2004 to January 11, 2005 in the amount of $278.08 were also debited. (*Id.*) The total amount due to Farmers, after credits and charges on another Farmers' policy were accounted for, was $489.97. (*Id.*) Plaintiff issued a check in that amount made payable to "Farmer Ins." on December 2, 2004; this check was deposited and cleared. (*Id.* ¶¶ 24, 25, 26.) Plaintiff believed that this check "timely tendered payment in full for insurance coverage for the time period that includes the subject date of loss." (*Id.* ¶ 24.) This check allegedly included an insurance premium payment by plaintiff that covered January 6, 2005—the date of the fire. (*Id.* ¶ 27.)

## DISCUSSION

### I. Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(2)

Plaintiff bears the burden of establishing this Court's jurisdiction over defendants. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). The nature of the plaintiff's obligation, however, "varies depending on the procedural posture of the litigation." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). Prior to discovery, a motion to dismiss pursuant to Rule 12(b)(2) may be defeated if the plaintiff's complaint and

affidavits contain sufficient allegations, made in good faith, to establish a prima facie showing of jurisdiction. *See id.* Moreover, the court must assume the truth of the plaintiff's factual allegations. *See id.* Generally, an entity may be sued in federal court if it has the capacity to be sued under the laws of the state where it was created. *See* FED. R. CIV. P. 17(b); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 214 (1993).

Defendants claim that "Farmers Insurance Group is a federally registered service mark used as a logo for marketing purposes," and, therefore, is not an entity capable of being sued. (Defs. Mem. Supp. Mot. Dismiss at 4-5.) Plaintiff concedes that Farmers Insurance Group is a service mark, but asserts that defendants cannot establish that it is not also a legal entity. (Pl. Mem. Opp. Mot. Dismiss at 2.) However, in support of their position defendants provide an affidavit from Adam G. Morris, Assistant Secretary of the attorney-in-fact for TIE, as well as documents from the United States Patent and Trademark Office and the State of California. (Defs. Mem. Supp. Mot. Dismiss, Exs. B, C.) The service mark registration form from the United States Patent and Trademark Office indicates that Farmers Insurance Group is a service mark owned by Farmers Group, Inc. (*Id.*, Ex. B.) In addition, a Special Certificate from the State of California Department of Insurance and a Certificate of Nonfiling Corporation from the Secretary of State indicate that Farmers Insurance Group is not, nor ever has been, a corporation licensed to transact business in California.[1] (*Id.*, Ex. C.)

Farmers Group, Inc., a subsidiary of Zurich Financial Services, a Swiss insurance company,

---

[1] As plaintiff indicates, the copies of these documents are dated 1996 and 1998. (Defs. Mem. Supp. Mot. Dismiss, Ex. C.) However, there has been nothing produced to indicate that the assertions in these documents are now false or that Farmers Insurance Group has subsequently become a company licensed to do business in California.

operates under the service mark Farmers Insurance Group, providing management services to various member companies, including TIE. (www.hoovers.com (search for "Farmers Insurance Group").) Farmers Group, Inc. "is a provider of insurance management services and a holding company" that acts as attorney-in-fact for three reciprocal insurance exchanges, including TIE. (www.farmers.com (follow "About Farmers" hyperlink).) As defendants indicate, "industry publications establish that the 'attorney in fact' [for TIE] is 'Farmers Group Inc.' (not to be confused with 'Farmers Insurance Group', the service mark incorrectly named by plaintiff as a defendant in this suit), doing business as 'Truck Underwriters Association.'" (Defs. Reply Mem. Supp. Mot. Dismiss at 3.) Although Farmers Group Inc. may be a proper party to this action, that question is not before this Court. As the evidence provided by defendants indicates, plaintiff is unable to establish a prima facie showing of jurisdiction over Farmers. Therefore, Farmers is not a proper party to this action.

## II. Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a court must "accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984)). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Drakos*, 140 F.3d at 129 (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)). When determining whether subject matter jurisdiction exists, a court may properly refer to evidence beyond the pleadings to resolve disputed jurisdictional facts. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "Thus, the standard used to

evaluate a Rule 12(b)(1) claim is akin to that for summary judgment under Fed. R. Civ. P. 56(e)." *Serrano v. 900 5th Ave. Corp.*, 4 F. Supp. 2d 315, 316 (S.D.N.Y. 1998). Plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).

In addition to providing the affidavit of Morris, defendants have provided a copy of the report from Best's Insurance Reports, which indicates that TIE is a reciprocal or interinsurance exchange organized under California's Interinsurance Law. (Defs. Mem. Supp. Mot. Dismiss, Ex. A; Defs. Reply Mem. Supp. Mot. Dismiss, Ex. A.) Under California's Insurance Code, a reciprocal or interinsurance exchange permits subscribers to exchange contracts and is the "insurer" whereas each subscriber is the "insured." CAL. INS. CODE § 1303 (2005). "The exchange may sue or be sued in its own name as in the case of an individual. Any judgment rendered against the exchange shall be binding upon each subscriber only in such proportion as his interests may appear." CAL. INS. CODE § 1450 (2005). TIE "is a reciprocal insurance exchange composed of a number of members acting as an unincorporated association." *Truck Ins. Exch. v. Dow Chem. Co.*, 331 F. Supp. 323, 324 (W.D. Mo. 1971). An unincorporated association, for diversity purposes, is a citizen of each state in which it has members. *See United Steelworkers of Am. v. R.H. Bouligny, Inc.*, 382 U.S. 145, 146-47 (1965); *Baer v. United Servs. Auto. Ass'n*, 503 F.2d 393, 395 (2d Cir. 1974).

Plaintiff, a New York citizen insured by TIE, is a member of TIE. (Complt. ¶ 10.) TIE is, therefore, a citizen of New York because at least one of its members, plaintiff, is a citizen of New York. Since TIE, the only remaining defendant, *see infra* Part I., has the same citizenship as plaintiff, there is no diversity between the parties. As this Court no longer has jurisdiction over this action, we will not consider the other issues raised by defendants in their motion papers.

## III. Remaining State Law Claims

A district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When determining whether to exercise supplemental jurisdiction, a district court has "considerable discretion over what state law claims it will include within its supplemental jurisdiction in a particular case." *Yaba v. Cadwalader, Wickersham & Taft*, 931 F. Supp. 271, 275 (S.D.N.Y. 1996) (quoting *Cushing v. Moore*, 970 F.2d 1103, 1110 (2d Cir. 1992)). Accordingly, as all federal claims have been dismissed, we exercise our discretion and decline to retain supplemental jurisdiction over plaintiff's remaining state law breach of contract claim.

## CONCLUSION

For all of the foregoing reasons, the motion of defendants Truck Insurance Exchange and Farmers Insurance Group is granted, and the action is dismissed in its entirety. The dismissal is without prejudice, except for the claim against Farmers Insurance Group, which is dismissed with prejudice.

SO ORDERED.

Dated: White Plains, New York
February 22, 2006

*William C. Conner*
Sr. United States District Judge